HEMAN *et al.* v. WADE *et al., Appellants.*

### Division One, June 22, 1897.

1. **Forfeitures.** Courts of equity do not favor forfeiture of contracts, and will enforce them upon proper tender of performance thereof.

2. **Ejectment:** MUTUALITY OF CONTRACT OF PURCHASE: STATUTE OF FRAUDS. Clark in January entered into contract with a corporation for the purchase of lands, paying $500 in cash, the balance of one third to be paid in February, and the other two thirds in one and two years, and if the February payment was not made "the $500 shall be forfeited, but the obligation to purchase at the price of $12,500 shall continue and be binding upon said Clark." The February payment was not made and the corporation in March made a three years' lease with the defendants, which contained an agreement that if said "Clark or his assigns consummate said contract of sale this lease shall terminate." In April Clark assigned his contract of purchase to plaintiffs, who, having fully performed it and received a warranty deed from the corporation, brought this suit in ejectment. *Held,* that the assignment of the contract by Clark, the warranty deed by the company, and the ratification by defendants of the agreement to terminate contained in the lease, completely answer defendants' contention that the contract of purchase is not binding for want of mutuality because it was executed for Clark by one Watson who had no *written* authority to do so.

3. ————: TENDER OF RENT. The lease being terminated by its own terms, defendants contended that the judgment of ouster for plaintiffs ought to be reversed because plaintiffs had not tendered an advanced payment of six weeks' rent. *Held,* that as the evidence showed that the award for damages was less than the rental value for two months, while the defendants had remained in possession one year after suit was brought before verdict, the defendants had been more than overpaid, *and* the contention does not go to the merits of the case.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Alfred Gfeller* for appellants.

(1) The lease under which appellants hold possession of the real estate, is a lease for a term of three

years, with an implied covenant of quiet enjoyment which runs with the land, and the lessor could not avoid it by a voluntary conveyance to respondents. *Hamilton v. Wright,* 28 Mo. 199. Appellants' lease being recorded prior to respondents' warranty deed, the latter took title subject to appellants' lease. (2) No evidence has been introduced to prove that Watson had written authority to bind Clark by the contract. R. S. 1889, sec. 5186; *Greening v. Steele,* 122 Mo. 287. (3) An authority to an agent to execute in the absence of the principal an instrument under seal must in all instances be itself under seal. *Shuetze v. Bailey,* 40 Mo. 69; Bishop on Cont. [Eng. Ed.] 1045; Pomeroy on Cont., sec. 79. (4) Watson, having no lawful authority to bind Clark by said contract, the same was a nullity. Neither party to said contract could enforce the same specifically. Clark could not, because he was in default at the time when the premises were leased to appellants, and the Hydraulic Press Brick Company could not, because Watson had no legal authority to bind Clark. *Glass v. Rowe,* 103 Mo. 539; *Sparks v. Trans. Co.,* 104 Mo. 531; *Bartlett v. Tucker,* 104 Mass. 339. (5) The contract of sale is a unilateral contract, a mere option, and time being made the essence of the contract, it had expired on the third day of February, 1894. *Weaver v. Burr,* 31 W. Va. 736; *Shields v. Horbach,* 30 Neb. 536; *Longfellow v. Moore,* 102 Ill. 289; *Mason v. Payne,* 47 Mo. 517; *Morse v. Rathburn,* 42 Mo. 594; *Glass v. Rowe, supra; Pomeroy v. Fullerton,* 131 Mo. 593. (6) Even if the conveyance from the lessor to respondents did avoid the lease, respondents are not entitled to a judgment because they failed to prove that a tender of the unearned rental, paid by appellants, was made to them when possession was demanded or at any time prior to the institution of the action in ejectment. *McDaniels v. Callahan,* 75 Ala.

327; *McDaniels v. Water Works*, 48 Mo. App. 273. (7) The court erred in giving the peremptory instruction in behalf of respondents, because it assumed facts which appellants had a right to have the jury pass upon. *Gregory v. Chambers*, 78 Mo. 298; *Schroeder v. Railroad*, 108 Mo. 322; *Wolff v. Campbell*, 110 Mo. 120.

*T. J. Rowe* for respondents.

The documentary evidence herein shows that defendants had no right to the possession of lots 23 to 27, inclusive, of city block 2202 on April 17, 1894, and the court therefore properly instructed the jurors that under the pleadings and the proof, it was their duty to find in favor of plaintiffs for the possession of said property, and give them as damages the reasonable rental value of said premises from April 17, 1894, to date of the verdict.

BRACE, J.—This is an action in ejectment instituted on the sixteenth of May, 1894, in the circuit court of the city of St. Louis, to recover possession of five lots in block 2202 in the city of St. Louis, in which the plaintiff obtained judgment in the circuit court of St. Louis county to which the case was taken by change of venue; and the defendant appeals.

The facts disclosed by the plaintiff's evidence are as follows: On the fifth of January, 1894, the Hydraulic Press Brick Company, being the owner of the premises, by their agents, Adam Boeck & Company, entered into the following contract with one Patrick H. Clark:

"$500. Received January 5, 1894, of Patrick H. Clark, Esq., the sum of $500, on account of purchase money for lots numbered 23, 24, 25, 26 and 27, in block No. 2202 of the city of St. Louis, State of Missouri, according to the plat thereof made by the

Hydraulic Press Brick Company and duly filed in the office of the recorder of deeds in the city of St. Louis, Missouri, according to which plat said lots have together a front of 250 feet on the north line of Forest Park boulevard and extend northwardly between parallel lines 182 feet, 5 1-8 inches to an alley 20 feet wide, and are bounded north by said alley, east by lot No. 28, in said block, south by Forest Park boulevard and west by lot No. 22, in said block ——, which ground the said Clark has this day bought subject to all the ordinances and conditions now enforced and concerning said lots, at the price and sum of $12,500, to be paid as follows: $4,166.67 less the amount hereby receipted for, to be paid on or before the 3rd day of February, 1894, the remainder to be paid in two equal annual installments next after the date hereof, with interest from date at the rate of six per cent per annum, payable semiannually, and to be secured by deed of trust upon the ground sold at purchaser's expense. Title to be perfected and all taxes paid up to and including the year 1893, but all taxes accruing for the year 1894, and thereafter, whether general or special, shall be paid by the purchaser. It being especially understood that the grantor herein is not to be liable for any taxes for the improvement of street or alley. If said Clark fails to pay the sum hereby required to be paid on or before the 3rd day of February, 1894, the $500 hereby receipted for shall be forfeited to Adam Boeck & Co., but the obligation to purchase at the price of $12,500 shall continue and be binding upon said Clark."

The said Clark failed to pay the first installment of $3,666.67 on or before the third of February, 1894, and afterward, to wit, on the twenty-third day of March, 1894, the brick company leased the premises to the defendants for a term of three years from the first of

March, 1894, at an annual rental of $900, payable in equal installments of $225 each on the first days of March, June, September and December of the years 1894, 1895 and 1896. The said lease contained, among others, the following condition:

"A contract of sale for the lots hereby leased having been entered into with one Patrick H. Clark on the fifth day of January, 1894, but never consummated, and not likely to be consummated, it is, nevertheless, hereby fully understood and agreed between the lessor and lessees herein that should said Clark or his assign, at any time during the term hereby created, establish his right to possession of said property under said contract of sale or consummate said sale, the lessees herein shall have no right to any claim for damages against said lessor by reason of such sale, or surrender of possession, but in that event the lease hereby entered into shall terminate and be fully ended and of no effect, and said lessees shall pay rent only up to the time that they can legally keep possession of said premises under the terms hereof."

Thereupon the defendants went into possession of the premises and have since held the same under said lease. Afterward, to wit, on the fourteenth of April, 1894, the said Patrick H. Clark, for value, assigned in writing and delivered said contract of the fifth of January, 1894, to the plaintiffs, who thereupon presented the same to the brick company, offered to comply with the terms thereof and demanded a deed to the premises in accordance with the contract, which offer was accepted by the brick company, and on the sixteenth day of April, 1894, the said company by its warranty deed duly executed, acknowledged and delivered to the plaintiff, reciting therein the receipt of the purchase money, conveyed the premises to them, of all which the defendants were immediately notified

by the brick company, with the request that possession be delivered to the plaintiff, and afterward on the twenty-first of April, the defendants were notified in writing by the plaintiffs that they had acquired all the right, title and interest of the brick company in the premises, and demanded possession, to which defendants replied that "Messrs. Wade Bros. will not deliver possession as required by said notice; nothing has occurred to impair their tenure under the lease from the Hydraulic Press · Brick Company." The plaintiffs further introduced evidence tending to prove that the value of the. monthly rents and profits was $100. The defendant offered no evidence. The court overruled the defendants' demurrer to the plaintiffs' evidence, and refused the following instruction asked for by the defendants: "The court instructs the jury that there is no evidence that Patrick H. Clark by a writing executed by him authorized C. W. Watson to contract in his name as evidenced by the paper dated January 5, 1894, and that therefore under the law the said contract was not binding upon the said Clark and could not be enforced against him and that the execution of the deed by the press brick company was purely voluntary and can not be received as avoiding the deed of lease read in evidence by defendants;" and also refused this instruction: "In estimating the value of the monthly rents and profits, the jury will take into consideration, not the value of the land for quarry purposes, but as unimproved real estate situated in the city of St. Louis, as described by the witnesses." The court instructed the jury to return a verdict for the plaintiffs.

The jury accordingly returned a verdict for plaintiffs for possession of the premises, $150 damages and $75 as the value of the monthly rents and profits, and

from the judgment thereon the defendants appealed without bond.

1. It is contended for the defendants that the lease under which they hold possession is a lease for a term of three years, with an implied covenant for quiet enjoyment which runs with the land, which the lessor could not avoid by a voluntary conveyance to the plaintiffs; that the contract of the brick company with Clark was a mere option to purchase on or before the third day of February, 1894, which was forfeited by Clark by his failure to pay the first installment of the purchase money on or before that day. This contention is answered by the contract itself, by the express terms of which the obligation to purchase was to remain notwithstanding such failure. Courts of equity do not favor forfeitures, and it can not be doubted that had the brick company refused to perform this contract upon tender of performance by the assignee of Clark, such performance would have been enforced.

2. It is next contended that the contract was not binding on Clark, and hence for want of mutuality not binding on the brick company, because Watson, who executed the contract for Clark, had no written authority to do so. This contention is answered by the deed of the brick company, the assignment of Clark, and the lease itself, under which the defendants claim, and in which the contract with Clark was solemnly recognized and ratified in writing as a valid and subsisting contract, which Clark had the right to consummate and upon the consummation of which defendants' lease was to terminate.

3. The court committed no error in refusing the defendants' instruction on the measure of value of the rents and profits or in the admission of the evidence on that subject. The only rental value the evidence tended to prove was the value of the property for

quarry purposes, and the witnesses qualified themselves to speak of such value.

4. The defendants further contend that the judgment ought to be reversed because the evidence failed to show that the plaintiff tendered to the defendants the unearned rent from April 17 to June 1, 1894, before bringing suit, and because the court in its instruction for the plaintiff erroneously directed the jury to allow the plaintiffs damages equal to the rental value of the premises from April 17, 1894. Notwithstanding the termination of the defendants' lease by the consummation of the Clark contract on the seventeenth of April, 1894, the defendant remained in possession of the premises until the day of judgment, which was rendered on the sixth day of March, 1895. Thus by the verdict of the jury and the judgment of the court the defendants were only required to pay $150 rent in the shape of damages for the possession of the premises of the monthly value of $75 as found by the jury from April 17, 1894, to March 6, 1895, a period of nearly twelve months; and conceding for the sake of argument that it is to be presumed that the rent was paid to the first of June, 1894, certainly the jury in their verdict have allowed full credit therefor many times over, and whatever error there may be, according to this contention, it does not go to the merits of the case and the judgment should not be reversed therefor. R. S. 1889, sec. 2303.

The judgment is affirmed. BARCLAY, P. J.; MACFARLANE AND ROBINSON, JJ., concur.