**ROBERT BLOND MEAT COMPANY, a
Corporation, Respondent-Plaintiff,**

**v.**

**Leo EISENBERG, d/b/a Leo Eisenberg and
Company, Respondent-Defendant
(L. W. GOLDBERG, Appellant-Third
Party Defendant).**

No. 44336.

Supreme Court of Missouri.

Division No. 1.

Dec. 13, 1954.

Thos. J. Brown, Kansas City, for appellant.

Maurice J. O'Sullivan, John G. Killiger, Jr., Kansas City, for respondent-plaintiff.

HYDE, Judge.

This is a vendor's action for specific performance of a contract for sale of real estate. The Court entered a decree against the vendee requiring him to pay $19,000 and to execute a note for $31,000 secured by a first trust deed for the purchase price. The decree also required vendee to pay $2,548.31 for adjustment of taxes, insur-

ance, rentals and accrued interest to the date of the decree. Vendee, hereinafter, called defendant, has appealed.

The contract of sale was signed by plaintiff and Leo Eisenberg, the original defendant. However, Eisenberg was acting as agent for defendant and while plaintiff knew he was acting for some one he did not disclose his principal until after the contract was executed. The contract stated that plaintiff was the seller and that the buyer was "Leo Eisenberg & Co. or its nominee." When plaintiff sued him, Eisenberg filed a third party petition to bring in vendee as third party defendant. Plaintiff then filed an amended petition accepting vendee as defendant and the suit proceeded against him. The decree found that defendant was the undisclosed principal and the real party in interest to the contract. It was shown that Eisenberg had a written contract with defendant authorizing the terms of the purchase. There was an agreed statement of facts and some additional testimony to which reference will be hereinafter made.

■ Defendant contends that specific performance should not have been decreed because plaintiff failed to prove that it had no adequate remedy at law and because he claims the contract provided for liquidated damages. As to the first, defendant's position seems to be that a vendor should not be entitled to specific performance because he would only get a money judgment and, therefore, could be compensated by an action at law for damages. The reasons for allowing the remedy of specific performance to a vendor are thus stated in the Restatement of Contracts, Sec. 360, comment c: "Before conveyance has been made by the vendor his remedy in damages is not an adequate one. He cannot get judgment for the full price, because he still has the land. His damages are usually measured by the contract price less the value of the land retained; but the land is a commodity that has no established market value, and the vendor may not be able to prove what his real harm will be. Even if he can make this proof, the land may not be immediately convertible into money, and he is deprived of the power to make new investments. Prior to getting a judgment, the existence of the contract, even though broken by the vendee, operates as a clog on salability, so that it may not be possible to find a purchaser at any fair price. In addition, the fact that specific performance is available to the vendee is of some weight, because of the rule as to mutuality of remedy (see Sec. 372(2))." The contract and the agreed facts show these matters were involved herein; and also the right to get the first mortgage note on the real estate at 4½% interest on the terms provided for therein may have been valuable to plaintiff.

■ Defendant cites cases holding that specific performance is not a matter of right but lies in the sound discretion of the Court and that a stronger case is required to justify a grant of specific performance than to deny it. See Rockhill Tennis Club of Kansas City v. Volker, 331 Mo. 947, 56 S.W.2d 9; Selle v. Selle, 337 Mo. 1234, 88 S.W.2d 877; Eisenbeis v. Shillington, 349 Mo. 108, 159 S.W.2d 641; Ranck v. Wickwire, 255 Mo. 42, 164 S.W. 460. Nevertheless, the Court did exercise its discretion herein in favor of specific performance and not against it as in some cases cited. In this case, the contract was not ambiguous and uncertain as in McCall v. Atchley, 256 Mo. 39, 164 S.W. 593, cited by defendant, and the transaction did not have the other infirmities pointed out in that case. See also State ex rel. Place v. Bland, 353 Mo. 639, 183 S.W.2d 878; Levine v. Humphreys, 297 Mo. 555, 249 S.W. 395. We see no reason for holding that the Court did not properly exercise its discretion (unless defendant's contention as to liquidated damages can be sustained); and, likewise, find no merit in his argument concerning lack of defendant's financial ability to comply with the contract. If there could be such a defense the evidence of it is very indefinite and unconvincing and certainly is far from a full and fair disclosure of defendant's financial condition. (As to the defense of incapacity of defendant to perform upon which defendant seeks to rely, see Pomeroy's Specific Performance of Con-

tracts, Secs. 292–302.) In this connection, it is stated in Restatement of Contracts, comment d: "Legislation has sometimes made imprisonment of the person of the defendant unavailable as a mode of enforcing a decree for the payment of money by a vendee, thus reducing the comparative superiority of such a decree over a money judgment. This fact does not affect the vendor's right to such a decree. The decree requires payment of the full price, conditioned on conveyance; a judgment for damages requires less than this." Furthermore, specific performance decrees have been enforced by sale of the land and the rendition of a deficiency judgment against defendant. See 81 C.J.S., Specific Performance, § 170, p. 808. The Court herein has specifically retained jurisdiction "to enter such orders as may be necessary to enforce full compliance with this decree."

Defendant's contention as to the contract providing for liquidated damages as plaintiff's only remedy is based on paragraph 13 of the contract, which provides: "If the seller has kept his part of this contract, and the buyer fails to comply with the contract on his part as herein provided, within five (5) days thereafter, then the money deposited as aforesaid is forfeited by the buyer as liquidated damages, and this contract may or may not be operative thereafter, at the option of the seller. Time is of the essence of this contract." The contract was on a printed form and all of paragraph 13 was printed except the words "as liquidated damages", which were interlined in typewriting. The principal provisions of the contract were that the purchase price was $51,000 which the buyer agreed to pay as follows: "$1,000.00 at the signing of this contract, the receipt whereof is hereby acknowledged by the seller and which is deposited with Leo Eisenberg & Co., Escrow Account as a part of the consideration of the sale." It was then provided that the balance of the purchase price was to be $19,000 in cash on delivery of deed and $31,000 secured by a first deed of trust on the property. The contract then stated:

"The buyer and the seller both agree that Leo Eisenberg & Company, Realtors, is the only broker involved in this sale and the seller agrees to pay to Leo Eisenberg & Co., cash on delivery of deed, the sum of $1,000.00 which shall be the full commission due Leo Eisenberg & Co."

"The fact that the parties to a contract call a sum stipulated to be paid in case of its breach 'liquidated damages' is a circumstance to be considered in determining whether it is in fact liquidated damages or a penalty. However, the fact that they have so designated the sum to be paid is by no means controlling or conclusive. Such contracts may be, and often are, held to provide for a penalty. In such cases the court must find out whether the payment stipulated is in truth liquidated damages or a penalty. The question whether it is the one or the other is a question of law and one quite independent of the agreement of the parties to call it the one or the other." 15 Am.Jur. 677, Sec. 246. This question has just been considered in Wilt v. Waterfield, Mo., 273 S.W.2d 290, in which a stronger provision as to liquidated damages (ten percent of the agreed price) was held to "constitute a penalty rather than a provision for the damages sustained." In that case, we said: "The intention of the parties in each case governs the construction. The provision must be fixed on the basis of compensation, otherwise it is construed as a penalty clause designed primarily to compel performance." We held that the plaintiff therein could recover his actual damages which the jury had found to be more than three times the amount stated to be liquidated damages.

■ Defendant herein testified that Eisenberg brought him the contract before signing it and he told him to put in the typewritten words "as liquidated damages" for his protection; and his conclusion was that, if he did not go through with the deal, "$1000.00 would be forfeited and that was my only liability." However, that is not what the contract said even after these words were inserted and there is no evidence that any such construction was stated to plaintiff. On the contrary, the parties left in the words "and this contract may

or may not be operative thereafter (after default of the buyer) at the option of the seller." Defendant did not say he did not agree to this clause remaining in the contract and it very clearly gave plaintiff the option to enforce the contract. Moreover, the amount deposited was only the amount agreed to be paid to Eisenberg as his commission. Thus it seems clear that this provision was mainly for the purpose of furnishing the money to pay the commission due Eisenberg from plaintiff for making the sale. While it relieved plaintiff from paying Eisenberg out of its own funds, it provided nothing at all for any damages whatever for plaintiff. Thus, its apparent purpose was indemnity for what plaintiff might have to pay for commission (in case Eisenberg earned his commission by making the sale if defendant thereafter defaulted) and not damages for any loss plaintiff would sustain by breach of contract if defendant refused to perform his contract. Therefore, we must hold that it could not have been a true liquidated damages provision; and further hold that plaintiff had the right to enforce the contract.

■ Defendant finally contends that the allowance of $2,548.31, which he calls damages for delay in the performance of the contract, was coram non judice and void because it was not within the issues made by the pleadings. After the trial, plaintiff (upon being advised that the Court intended to enter a decree of specific performance) filed a motion asking the Court to hear evidence upon damages suffered by plaintiff by reason of the failure of defendant to perform. Although referred to as damages in the motion, the amounts sought were provided for in the contract which was filed with and made a part of the petition. Sections 509.130 and 509.230 RSMo 1949, V.A.M.S. These amounts were 4½% interest on the purchase price from March 16, 1953 (the date on which the transaction should have been completed) to the date of the decree and what was paid for taxes and insurance during that period, from which was deducted the rents received by plaintiff. The contract provided for prorating taxes on the basis of the "calendar

year as of the date of delivery of the deed." It also provided for assignment of insurance policies with "the unearned premium pro-rated from the date of delivery of the deed" and for the buyer to "furnish additional insurance policies necessary for the protection of the mortgagees." Thus the inclusion of these matters in the decree was a part of the specific performance of the contract, regardless of the terminology of the motion, and was within the power of the Court. See 49 Am.Jur. 198, Sec. 174; 81 C.J.S., Specific Performance, §§ 161, 162, pp. 762, 771–775; Levine v. Humphreys, supra, 249 S.W. loc. cit. 398; Pomeroy's Specific Performance of Contracts, Secs. 427–433. We hold the Court properly included these matters in its decree.

The judgment is affirmed.

All concur.