Opinion issued October 7, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00263-CR

———————————

Kenneth Dwayne Smith, Appellant

V.

tHE STate of
Texas, Appellee



 



 

On Appeal from the 228th District Court

Harris County, Texas



Trial Court Case No. 1141968

 



MEMORANDUM OPINION

A jury found appellant, Kenneth Dwayne
Smith, guilty of aggravated robbery.  See TEX.
PENAL CODE ANN.
§ 29.03(a)(2) (Vernon 2003).  After appellant
pleaded guilty to two enhancement paragraphs, the trial court assessed his punishment
at 25 years’ confinement.  In his first
issue, appellant contends that the trial court erred by overruling his
objection to a question asked by the State during cross-examination, which
appellant contends was phrased in a manner contravening a prior ruling by the
trial court.  In his second and third
issues, appellant argues that the State’s same action constituted prosecutorial
misconduct—depriving him of Due Process and Due Course of Law under the federal
and state constitutions, respectively—and urges us to vacate the judgment “in a
manner to impress upon the state that it should obey the orders of the trial
courts.”  In his fourth issue, appellant
argues that the trial court erred by admitting the testimony of his pretrial
interviewer, which introduced appellant’s admission of certain basic
information in the absence of Miranda
warnings.  

We affirm.

BACKGROUND

In November 2007,
appellant approached Gary Spring, who was sitting in his car outside of a Taco
Cabana, and demanded Spring’s wallet at gunpoint.  Spring complied.  After appellant drove away from the parking
lot, Spring followed him and noted the license plate number on appellant’s
car.  Later, the police tracked the
number to appellant’s address.  At appellant’s
address, the police found the car used in the robbery.  The police then briefly interviewed
appellant.  Two days later, the police
arrested appellant after Spring identified him in a photo spread.  

Prior to trial,
Christy Richard, of the Harris County pretrial services agency, interviewed
appellant. [1]  During the interview, appellant told Richard
that he had resided at the address where the police found the car and that he
was married to owner of the car.  At
trial, the State introduced Richard’s testimony regarding appellant’s pretrial
statements.  Appellant objected to the
admission of Richard’s testimony.  In his
objection, appellant asserted the testimony was not admissible because the
pretrial questioning by Richard constituted a custodial interrogation that
required Miranda[2]
warnings, which he had not yet been given. 
The trial court overruled appellant’s objection in part, permitting
Richard to provide information establishing the basic facts of appellant’s
residence and his marriage to the car’s owner, but disallowed any testimony
that would be “incriminating in nature.” 


At a bench conference
in advance of his testimony, appellant submitted a motion in limine to limit
impeachment on cross-examination.[3]  Appellant requested that “the State not be allowed to use
particularly” his prior conviction for aggravated robbery for the purpose of
impeachment, or, in the alternative, that the State “only be able to refer to
it as a felony conviction and not be able to name it [as] aggravated
robbery.”  The court acceded to the
extent of disallowing a specific reference to aggravated robbery, because

if you’re on trial for aggravated robbery and you’ve
got an aggravated robbery prior conviction . . . the prejudicial far outweighs the probativeness
of what . . . you can use for impeachment purposes.  

 

Noting,
however, that a mere reference to a “felony conviction” would not adequately
convey the “moral turpitude” associated with the prior offense, the court ruled
that it would

limit the questioning to the fact that [appellant] was
convicted of a felony that involved the unlawful taking of property with
nothing more . . . I will permit you to say that he’s been convicted on this
day for whatever you want and it involves the unlawful taking of property.  It’s a
form of theft.  

 

(emphasis
added).  The court repeatedly emphasized
that the goal of its ruling was to avoid the prejudice that could result from
the use of the specific term “aggravated robbery,” while preserving a level of
specificity sufficient to reveal the moral turpitude of appellant’s prior
felony:

I’m just trying to limit the aggravated robbery
nomenclature of a particular conviction as opposed to it involved the illegal
taking of property.  That’s all . . . I’m
trying to figure out how to do it without saying aggravated robbery.

 

During
cross-examination, the following exchange occurred:

STATE:  You’re
the same Kenneth Dwayne Smith who was previously convicted of a felony
involving theft, taking of property—

 

APPELLANT:  I
object.  I object.  That’s not what we discussed, Judge.  And I object to the language the prosecutor
is using.

 

COURT:  Well,
okay.  Come up and I’ll tell you what my
understanding was . . . 

 

[Bench conference on the record]:

 

COURT:  Here’s
what I wrote on my thing: You can put felony . . . involving the unlawful
taking of someone else’s property.

 

STATE: That’s what I have written down.

 

APPELLANT: 
That’s not what you said.

 

COURT:  No, she
said theft.

 

STATE:  I’ll
rephrase it.

 

COURT:  Okay.

 

APPELLANT:  And
Judge, I would just ask that the jury be asked to disregard.

 

COURT:  Well, I
can’t do that because it means the same thing. 
I’m just telling you right now, if you look at what I said, what she
said was not necessarily incorrect.  I
mean, you know—

 

APPELLANT:  I
believe it was, Judge.  You gave very
specific language . . . 

 

Following
this bench conference, the State rephrased its question:

STATE:  You’re
the same Kenneth Dwayne Smith who was convicted of a felony involving the
unlawful taking of property, are you not?

 

APPELLANT:  Yes, ma’am.

The
trial concluded and the jury found appellant guilty of aggravated robbery.  This appeal followed.

VIOLATION
OF PRIOR RULING

Appellant’s first three issues
arise out of the State’s cross-examination of appellant, in which the
prosecutor asked appellant whether he had been convicted of “a
felony involving theft, taking of property.”

A.      Improper Question

In his first issue,
appellant contends that the court erred in overruling his objection to the
State’s use of the word “theft” in its questioning of appellant.  Appellant asserts the use of the word “theft”
during cross-examination violated the trial court’s limine order limiting the
description of his prior convictions for impeachment purposes.

Appellant does not
assert that the question or evidence regarding the prior conviction should have
been disregarded as a violation of the Rules of Evidence.  Thus, we do not apply the analysis outlined
in Theus v. State, 845 S.W.2d 874,
880–82 (Tex. Crim. App. 1992) (interpreting Tex.
R. Crim. Evid. 609(a)), in which the Court of Criminal Appeals set forth
the relevant factors to consider in balancing the probative value of evidence
of a prior conviction against its prejudicial effect on a party.  

Instead, appellant’s
complaint regards the alleged violation by the State of the trial court’s
ruling on appellant’s motion in limine. 
A motion in limine is a method of raising objection to an area of
inquiry prior to the matter reaching the ears of the jury through a posed
question, jury argument, or other means. 
Thierry v. State, 288 S.W.3d
80, 86 (Tex. App.—Houston [1st Dist.] 2009, pet ref’d).  By its nature, it is also subject to
reconsideration by the court throughout the course of the trial.  Id.  This is because parties may not enforce it to
exclude properly admissible evidence.  Id. 
A motion in limine is not a ruling that excludes evidence; rather, it
merely requires parties to approach the trial court for a definitive ruling
before attempting to put on evidence within the scope of the motion.  Id.
at 86–87.  It is axiomatic that a motion
in limine does not preserve error.  Id. at 87.  Additionally, a ruling on a motion in limine
may entitle a party to relief, but any remedy for such violation lies within
the trial court.  Id.  Because appellant does not
complain on appeal about the actual admission of the prior conviction evidence,
and the remedy regarding any alleged violation of a ruling on a motion in
limine lies with the trial court, he has preserved nothing for our review.  Id.
(holding that when appellant objected to violation of order granting motion in
limine, and not to admission of evidence itself, no error is preserved); Harnett v. State, 38 S.W.3d 650, 655
(Tex. App.—Austin 2000, pet ref’d) (same).

          We overrule appellant’s first issue.

B.      Prosecutorial
Misconduct

          In his second and third issues,
appellant asserts that the State’s same action constituted prosecutorial
misconduct, denying him Due Process and Due Course of law under the federal and
state constitutions, respectively.  The
record shows that appellant failed to make an objection regarding prosecutorial
conduct at trial.  Because appellant
failed to object on that basis at trial, he has not preserved error on the
issue of prosecutorial misconduct.  See
Tex. R. App. P. 33.1 (general
rule is that party must make timely and specific objection at trial to preserve
issue for appellate review); Hajjar v.
State, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d)
(holding that failure to object on basis of prosecutorial misconduct waived
error) (citing Penry v. State, 903
S.W.2d 715, 764 (Tex. Crim. App. 1995)). 


We overrule appellant’s second and third issues.

PRETRIAL INTERVIEWER’S TESTIMONY

          In his fourth issue, appellant argues
that the trial court erred in allowing an interviewer with the Harris County pretrial
services agency to testify regarding statements that appellant had made after
his arrest.  We review a trial court’s
evidentiary rulings under an abuse-of-discretion standard.  Klein
v. State, 273 S.W.2d 297, 304–05 (Tex. Crim. App. 2008).  To constitute an abuse of discretion, the
trial court’s decision must fall outside the zone of reasonable disagreement. Wead
v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  

Appellant argues that the interviewer’s questions adduced the
primary basis for his conviction—information linking him to the address at
which the car involved in the aggravated robbery was found, and establishing
his relationship with the car’s owner—and, therefore, constituted custodial
interrogation requiring Miranda
warnings.  Under both the federal and state
constitutions, questioning attendant to an administrative “booking” procedure
does not generally require Miranda warnings.  See
Pennsylvania v. Muniz, 496 U.S. 582,
601, 110 S. Ct. 2638, 2650 (1990) (holding that officer asking arrestee for his
name, his address, and similar basic information had not triggered Miranda requirements because such
questions “fall within a ‘routine booking question’ exception which exempts from Miranda’s
coverage questions to secure the biographical data necessary to complete
booking or pretrial services”) (internal quotation omitted); Cross v. State,
144 S.W.3d 521, 524 n.5 (Tex. Crim. App. 2004) (holding that administrative
questions do not constitute “interrogation” because they are not normally expected
to elicit incriminating responses).  We
conclude the information adduced was produced from administrative questioning,
and we hold, therefore, that the trial court did not abuse its discretion by
concluding that appellant’s post-arrest interview had not required Miranda warnings to be admissible.

Further, we find the testimony caused no harm to appellant
because his connection to the car involved in the crime—which was the import of
all testimony establishing his residence and marital status—had been substantially
established by other evidence to which appellant did not object.  For example, appellant’s wife separately
testified to his place of residence and to her ownership of the car, and the
police testified that they had found appellant in bed inside the
residence.  Appellant himself testified
that Spring’s description of the car involved in the crime, including its
license plate number, precisely matched that of his wife’s car and its license
plate number.  He also admitted that he
had been inside the residence outside which the car was parked and that the
police had questioned him there briefly on the morning of the crime.  Because appellant did not contest the
admission of any of this evidence, any possible error in admitting the
complained-of testimony was rendered harmless.

We overrule appellant’s fourth issue.




 

CONCLUSION

          We affirm the judgment of the trial
court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists
of Chief Justice Radack, and Justices Massengale and Mirabal.[4]

 

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           This
agency gathers basic personal information from arrestees who have been booked
and fingerprinted.  This data is later
generated into a report and sent to a magistrate to ascertain the present
charges for the trial court and to set an appropriate bond amount.  

 





[2]           See Miranda v. Arizona, 384 U.S. 436, 468–70, 86 S.
Ct. 1602, 1624–25 (1966).

 





[3]           See Tex.
R. Evid. 609(a) (allowing evidence of prior felony or other crime
involving “moral turpitude” for limited purpose of attacking witness
credibility); Theus v. State, 845
S.W.2d 874, 880–82 (Tex. Crim. App. 1992) (setting forth factors to consider
under Rule 609 balancing test, which weighs probative value of evidence of
prior conviction against its probable prejudicial effect).  





[4]              The
Honorable Margaret Garner Mirabal, Senior Justice, Court of Appeals for the
First District of Texas, participating by assignment.