GEORGE B. CONNELLY, Plaintiff-Appellant

v.

JOHN A. ZEE, Defendant-Appellee

Civil No. 324-1973

District Court of the Virgin Islands

Div. of St. Croix

November 19, 1973

EDWARD J. OCEAN, ESQ., Christiansted, V.I., *for plaintiff-appellant*

JAMES & RESNICK, ESQS. (JEFFREY L. RESNICK, of counsel), Christiansted, V.I., *for defendant-appellee*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

This is an appeal from a summary judgment granted to defendant in this action for debt arising from the breach of a sublease agreement. The question presented is quite narrow, involving the construction of the following provision from the agreement:

6. *Security Deposit.* As and for security, and not as rent, Tenant shall pay the Lessor, upon the execution of this lease, the sum of $250.00, which sum shall be retained by the Lessor until the expiration of this lease, or any extension thereof, unless forfeited by default of Tenant, in which event Lessor shall retain the full deposit as and for damages. Upon surrender of the leased premises at the expiration of the term, or any extension thereof, unless Tenant has defaulted in any of the terms of this lease agreement, the security deposit shall be returned by Lessor to Tenant, less any deductions for damage to the premises or grounds, fair and ordinary wear and tear excepted. Retention of the security deposit shall not in any event constitute a waiver of any right of action which Lessor may have for damages or waste against Tenant.

In granting defendant's motion for summary judgment, the court below held that this provision constituted "a provision for liquidated damages, compliance with which precludes plaintiff from recovery of additional damages." Upon examination of the agreement and the memoranda submitted, I have concluded that the judgment should be affirmed in part and reversed in part. Because I consider the case to be a difficult one, with good arguments supporting each side's interpretation, I will mention some of the factors which I have considered in arriving at this decision.

■ First, the failure to designate a provision specifically as one for "liquidated damages" does not preclude the court, in an appropriate case, from construing it as one. Indeed, even when the term is used, most courts regard it as merely one circumstance to be considered. E.g., Robert Blond Meat Company v. Eisenberg, 273 S.W.2d 297, 299 (Mo. 1954).

It is rarely the decisive factor. Similarly, the fact that the section contains the word "forfeited," often associated with unenforceable penalty clauses, is not controlling. E.g., Worley v. McCarty, 93 N.W.2d 269, 272 (Mich. 1958). The courts would perform an injustice if they held draftsmen of contracts and leases to such strict tests, based on individual critical words or phrases. In short, then, it is my view that whether a provision is one for liquidated damages must be determined by examining, not only the language used, but the whole contract, its subject matter, and, ultimately, the probable intention of the parties.

█ As a general matter, it should be noted that many cases have dealt with the question whether a security deposit required by a lease could constitute liquidated damages in the event of the lessee's breach. See Burns Trading Co. v. Welborn, 81 F.2d 691 (10th Cir. 1936) and Annotation, 106 A.L.R. 292. Although the cases reveal much variety in terminology, there is no indication that the language utilized here (that in the event of default the deposit would be retained "as and for damages") is insufficient as a provision for liquidated damages. To the contrary, it would seem that the words used might be even clearer to a layman than the legalistic "liquidated damages" terminology. In any event, it appears to me that the provision was intended as a liquidated damages section. The reservation of rights with regard to "damages" in the last sentence must be read in light of both the preceding reference to physical damage and the juxtaposition of the word "damages" with "waste." Viewed in this way, the sentence is not inconsistent with the holding that the security deposit was intended as liquidated damages in the event of a default. Rather, it can be understood as merely a retention by the lessor of the right to recover for physical damage to the leased premises.

271

■■ Of course, the intention of the parties alone is not controlling. If the clause intended as a liquidated damages provision is, in fact, a penalty, it is void and unenforceable. In re Plywood Co., 425 F.2d 151, 155 (3d Cir. 1970). But there is little to suggest that section 6 is a penalty provision, designed to punish the defaulting party rather than to compensate for probable damages.[1] To the contrary, the sum specified seems to be a reasonable estimate of the probable damages which might accompany a default resulting in termination of the lease. This conclusion has not been reached, however, without careful consideration of section 11 which defines the word "default" under the lease.

■ Section 11 states that Default includes the failure to pay rent when due and the failure to keep, perform, or observe any covenant or condition of the lease. Because section 6 provides for retention of the security deposit whenever the tenant "defaults," it could be argued that the broad definition in section 11 precludes a holding that section 6 is a liquidated damage clause. There are several cases holding that where a contract provides for liquidated damages in a specified amount to be paid upon failure to comply with any one of many conditions, some of which are much more important than others, the clause cannot be given effect. E.g., Wilt v. Waterfield, 273 S.W.2d 290, 295–6 (Mo. 1954); Mevorah v. Goodman, 57 N.W.2d 600, 616–617 (N.D. 1953). Although this rule seems sound in principle, I do not think this case falls within it. Section 11 goes on to provide that the lessor may terminate the lease in the event of a default. It would seem, then, that the parties had in mind only such serious defaults as would probably result in termination of the lease. When construed in this way, the problem of several promises or conditions

---

[1] It would be odd if the clause were to be held unenforceable as a penalty inasmuch as the "penalty" is apparently smaller than the actual loss.

of varying importance, noncompliance with which lead to the same liquidated damages disappears. I consider this construction of sections 11 and 6 to be the most reasonable and logical interpretation of the agreement. I might note that it is also consistent with the well recognized rule that a lease is ordinarily to be construed more strongly against the lessor and in favor of the lessee. Farm Supply Co. v. Cook, 159 S.E.2d 128, 131 (Ga. App. 1967).

In determining that the amount of the deposit is a reasonable estimate of the probable loss, and therefore appropriate as a liquidated damages provision, I have concluded that the probable damage must be judged as of the time of making of the lease. In re Plywood Co., supra at 155. The purpose of such provisions is to provide a figure for damages which, because they may occur far in the future under unforeseen circumstances, are uncertain and speculative. When this lease was signed, the damages which the lessor would suffer upon a breach were quite uncertain. If rental values continued to increase, the tenant's breach might have actually benefitted the lessor, enabling him to negotiate quickly a new lease at a higher rent. If the premises were not easily rented after a breach, damages would still be speculative because lessor's efforts to mitigate damages would have to be evaluated. Thus, when viewed from the time the lease was made, one month's rent would seem a reasonable estimate of the probable damages. Given this valid provision for liquidated damages, subsequent events are of no consequence.

> The injured party, though his actual damages may exceed the agreed sum, can recover no more, and his recovery cannot be diminished by showing his actual loss was less. C. McCormick, Damages § 152 (1935).

The sum of $250 provided in section 6 of the lease, then, is properly considered liquidated damages and fully compensates the plaintiff for the loss resulting from defendant's

having vacated the premises prior to the termination of the lease period. No further damages can be recovered by plaintiff for this loss. However, it appears that defendant is indebted to plaintiff under the lease for the rent due for several months prior to the time at which the building was vacated. Plaintiff is entitled to pursue his action for debt for this amount of rent. The holding with regard to section 6 has no effect on this outstanding debt.

## ORDER

For the reasons stated in the above Memorandum Opinion, the summary judgment entered by the Municipal Court in favor of the defendant is hereby

(1) AFFIRMED insofar as it holds that section 6 provides for liquidated damages for defendant's default in vacating the premises prior to the termination of the lease term; and

(2) REVERSED insofar as it dismisses plaintiff's complaint for debt based on the rent owed for the months prior to the date on which defendant vacated the leased premises; and it is further

ORDERED that the case be remanded to the Municipal Court for such further proceedings as may be necessary to determine the amount of the debt due on the lease agreement and to enter a final judgment in conformance with this Memorandum Opinion.