THE STATE ex rel. HATTIE ROLL et al. v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

In Banc, October 8, 1921.

1. **DEED BY ENTIRETIES: Divorce: Purchase Price Advanced by Husband.** Where the husband's money paid for the land and the deed named him and his wife as grantees, thereby creating an estate by the entireties, and subsequently they are divorced, thereby changing the estate into one in common, the husband, in a subsequent partition, is not entitled to the amount advanced by him, and the Court of Appeals in so deciding and in holding that only the balance, after deducting the money advanced, may be divided between them, contravened the decision in Bender v. Bender, 281 Mo. 473, since it was there decided that a resulting trust must arise, if at all, at the instant the deed is taken, and cannot be created by subsequent occurrences.

2. ———: ———: **Effect on Property Rights.** Divorce does not restore the parties to their former condition in all respects; it vests the wife with her moiety, and it changes an estate by the entireties into a tenancy in common, but it does not raise a resulting trust in favor of the husband who paid the money for a deed to her and him as the grantees, and no such resulting trust arises in his favor unless the trust arose at the time the deed was taken.

*Certiorari.*

RECORD QUASHED.

*Pope & Lohman* for petitioners.

(1) The opinion of the Court of Appeals is directly in conflict with a long line of decisions of this court, which

decide that where a husband purchases land with his own means and takes title, either in the name of his wife, or in the name of himself and wife, then it is presumed that the interest which the wife thus took in the land was intended as a provision for her, and there is no resulting trust in his favor for the money he paid for the land. Wilhite v. Wilhite, 224 S. W. 448, 450; Bender v. Bender, 220 S. W. 929; Moss v. Ardrey, 260 Mo. 595, 611; Viers v. Viers, 175 Mo. 453; Curd v. Brown, 148 Mo. 92; Aeby v. Aeby, 192 S. W. 97; Joerger v. Joerger, 193 Mo. 133; 39 Cyc. 136; Ilgenfritz v. Ilgenfritz, 116 Mo. 429; Gilliland v. Gilliland, 96 Mo. 522; Funk v. Funk, 223 S. W. 780. (2) ''A resulting trust must arise, if at all, at the instant the deed is taken.' Unless the transaction is such that the moment the title passes the trust results from the transaction itself, then no trust results. It cannot be created by subsequent occurrences.'' Bender v. Bender, 220 S. W. 929, 930; Stevenson v. Hayes, 220 Mo. 206; Kelly v. Johnson, 28 Mo. 249; Richardson v. Champion, 143 Mo. 544; Barrett v. Foote, 187 S. W. 69; 1 Perry on Trusts, sec. 133; 39 Cyc. 106. (3) ''Upon the destruction of the marital relation by the divorce decree, plaintiff and her former husband became tenants in common. Russell v. Russell, 122 Mo. 235; Joerger v. Joerger, 193 Mo. 133. Respondent concedes this, but contends that though the parties became tenants in common, their respective interests as such tenants, must in equity be determined by the amount originally paid by each on account of the purchase price. This view cannot be sustained. Since the defendant purchased the land and took the title so to create an estate by the entirety, the presumption is that the interest which the wife thus took in the land was intended as a provision for her. Siling v. Hendrickson, 193 Mo. 365. And there is nothing present tending to rebut or repeal such presumption. As an executed gift, by way of provision for his wife, the husband was without power to deprive the wife of her interest in the land. And after divorce plaintiff's

interest in the land, as a tenant in common with her former husband, was equal to that of the latter." Funk v. Funk, 223 S. W. 781.

*Irwin & Haley* for respondents.

(1) Husband and wife take and hold an estate by the entirety, not as separate individuals and by moieties, but as one person, each holding the whole of it. They are neither joint tenants nor tenants in common; but for the purpose of holding the title, they are a unit, and upon the death of either, the entire estate belongs to the survivor. Brewing Co. v. Saxy, 273 Mo. 159. (2) However, a divorce of the husband and wife destroys an estate by the entirety theretofore existing between them; and, if in the decree the legal interest of the defendant is not awarded to the plaintiff, they are thereafter tenants in common, and partition can be had between such tenants in common with the same facility and results as between other like tenants. Russell v. Russell, 122 Mo. 235. (3) When an estate by the entirety is, by divorce, transmuted into one of tenancy in common, as in the case at bar, and partition is sought, the party advancing the purchase money is entitled to the amount advanced, and the balance may be divided between the respective parties. Joerger v. Joerger, 193 Mo. 133; Aeby v. Aeby, 192 S. W. 97. (4) The opinion of the Kansas City Court of Appeals does not, to any degree, conflict with any of the decisions of the Supreme Court cited by relators. The cases cited by relators are cases announcing the principle that "when a husband purchases real property with his own funds and causes it to be conveyed to his wife, it is presumed prima-facie that he intended the conveyance as a provision for her, and a trust will not result." Bender v. Bender, 220 S. W. 929.

JAMES T. BLAIR, C. J.—The writ brings into this court the record of the Kansas City Court of Appeals in the case of Francis Elliott v. Hattie Roll, 226 S. W. 590.

State ex rel. Roll v. Ellison.

From the opinion in that case it appears that the facts are that Francis Elliott and Nancy S. Elliott were husband and wife; that during the marriage Francis Elliott bought and paid for a tract of land and caused the deed to be made to himself and Nancy S., his wife; that subsequently, Nancy S. procured a divorce from Francis; they had no children.  Soon after the decree of divorce was rendered Francis brought suit against his former wife to partition the land.  She died, and these relators, her children by a former marriage, were made defendants.  The parties agreed that the land should go to sale and the proceeds be divided according to the rights of the parties in the land.  The trial court adjudged that Francis Elliott was entitled to a sum equal to the purchase price ($950) he had paid and one half the balance.  The remainder, $60.53, was adjudged to belong to defendants.

The Court of Appeals held:  (1) that when Elliott bought and paid for the land and caused the deed therefor to be made to himself and his wife the two became tenants by entireties; (2) that there was a presumption that Elliott intended a provision for his wife; (3) that if there had been no divorce she would have held her interest as tenant by the entirety "wholly free from any claim by him in advancement of purchase money;" (4) that the divorce "cut out survivorship and changed the estate into one in common, and after the decree, they held it as tenants in common;" and (5) that "when the estate becomes one in common and partition is sought, the party advancing the purchase money is entitled to the amount advanced, and the balance may be divided between them as was done by the circuit court."  The judgment was affirmed.

This last proposition is said to be in conflict with decisions of this court.  There is no question that upon the purchase and execution of the deed to them Nancy and Francis Elliott became tenants by entireties.  The purchase was made by the husband with his means and the presumption is that he took the deed as he did as a provision for his wife.  There is no evidence to rebut

this presumption. In case he had died before the dissolution of the marriage the wife would have taken the whole, by her right of survivorship. The divorce dissolved the marriage and the tenancy by entireties was thereby converted into a tenancy in common. A right to partition thereupon arose. [Russell v. Russell, 122 Mo. 235.] The rights of Mrs. Elliott came from the deed her husband caused to be executed to her and to himself, jointly. No trust resulted at the time the deed was delivered. The husband could not, on facts like those stated by the Court of Appeals, have had a trust declared in his favor during the marriage. [Wilhite v. Wilhite, 284 Mo. 387, 224 S. W. 448, and cases cited; Haguewood v. Britain, 273 Mo. l. c. 92, 93.] In Bender v. Bender, 281 Mo. 473, 220 S. W. 929, the husband had bought land and caused it to be conveyed to himself and wife. The wife subsequently procured a divorce. The husband then sued and pleaded that he had purchased the land with his own means and caused it to be conveyed to himself and wife upon an agreement that in case of a separation in the future he and his wife would convey the property to their children. The court held that no trust resulted from the fact that the money of the husband paid for the property; that a resulting trust must arise, if at all, at the instant the deed is taken and cannot be created by subsequent occurrences. This holding is in point in this case. The facts of that case, in so far as their efficacy to raise a resulting trust is concerned, are like those in this case. This court held no such trust was raised. The Court of Appeals, in this case held, in effect, the contrary. Thereby it brought the opinion into conflict with the decision in Bender v. Bender. The holding in the Bender case is in accord with the decisions in other states. [Reed v. Reed, 109 Md. 690; Hayes v. Horton, 46 Ore. 597.] Divorce does not restore the parties to their former condition in all respects. "It vests in the wife her moiety." [Holmes v. Kansas City, 209 Mo. l. c. 527.] It does not treat the marriage as a nullity. The law takes the parties where

it finds them at the time of the divorce (2 Bishop on Marriage & Divorce, sec. 1623), and unless a trust arises at the time the deed is taken or there be statutes which affect the case, an estate by entireties becomes a tenancy in common and the husband's right to cut down the moiety of the wife is not increased or affected by the fact of divorce. The cases in which the wife has succeeded in impressing a trust upon property, though held by entireties, which her husband has bought with her money, and those in which there is fraud or the like, are not in point.

Because of the conflict pointed out the record of the Court of Appeals is quashed. All concur.