ENCARNACION N. HERNANDEZ v. HILARIO PRIETO, Appellant.—162 S. W. (2d) 829.

Division Two, June 17, 1942.

*F. M. Kennard, Milton Schwind* and *W. Raleigh Gough* for appellant.

660

*Theodore C. De Feo* and *Cecil Nelkin* for respondent.

TIPTON, P. J.—This is an action in equity brought by respondent against appellant in the circuit court of Jackson County, Missouri, for a decree declaring that appellant holds the legal title to certain real estate for the use and benefit of respondent, determining title and ordering partition. The trial court entered a decree for respondent and appellant has duly appealed.

Appellant and respondent were married on April 4, 1924, and they are both Mexicans. On March 17, 1925, the appellant entered into a "Contract for Deed" with John Swanson and Selma Swanson for the sale and purchase of property at 2316 Belleview, Kansas City, Missouri, for the sum of $1,750.00, payable as follows: $150.00 was paid when the contract was executed and the balance at the rate of $20.00 per month with interest on the unpaid balance. The contract provided that the purchasers were to have immediate possession, and that they were entitled to a deed when the full purchase price was paid. On December 5, 1931, the Swansons executed a deed to this property to the appellant only.

On August 23, 1926, appellant sued respondent for a divorce, which was granted appellant on July 12, 1927. After this divorce, respondent married another man and was divorced from him in the year 1930, after that she came back to live with appellant from 1931 to 1938, though they did not remarry. In 1938, respondent again left

appellant, and subsequently married her present husband. Appellant and respondent lived in the property from the time the contract was executed until their separation in 1927. In 1931, when respondent and appellant resumed cohabitation, they lived in the property until their final separation in 1938. From that time the appellant has been in sole possession of the property.

There was evidence pro and con as to whether appellant or respondent had made the payment on the contract, but evidently the trial court did not consider this question essential to a decision in the case, for the trial court found the contract for a deed created an estate by the entirety between the appellant and respondent, which was converted into a tenancy in common upon the granting of the divorce in 1927; that appellant was entitled to credit for all payment made after the divorce and "until the parties commenced living together in 1930;" that respondent was entitled to an interest in the property amounting to one-half the investment therein up to the time of the divorce, and one-half the investment therein "from 1930 to 1931, when parties lived together and both contributed to expenses and payments;" and that respondent's interest in the property was 465/1750ths., or $465.00.

This case was not decided by the trial court on the theory that respondent paid any part of the purchase price, but that under the contract of purchase, an equitable estate by the entirety was created in the appellant and respondent.

██ We think the trial court's ruling was correct. "The relation of vendor and purchaser exists as soon as the contract for sale and purchase of land is entered into. Equity regards the purchaser as the owner, and the vendor as holding the legal title in trust for him; 66 C. J., sec. 773, p. 1028; 27 R. C. L., sec. 178, p. 464; Levine v. Humphreys, 297 Mo. 555, 249 S. W. 395, 398 (2). This equitable principle may be invoked in action at law: Kansas City v. Kansas City Terminal Railway Co., 324 Mo. 461, 475, 476, 23 S. W. (2d) 1006, 1012." [Savings Trust Company of St. Louis v. Skain, 345 Mo. 46, 131 S. W. (2d) 556, l. c. 570.] In the case at bar, the appellant and respondent, as purchasers under the contract, went into possession of this real estate, and, in equity, were the owners, for all intents and purposes, as if a deed had been executed. Of course, their interest in the property would be subject to the unpaid purchase price, either under the contract or under a deed.

██ The appellant makes the point that, "If, by placing plaintiff's [respondent's] name in the contract of purchase, defendant [appellant] is held to have intended to make a gift to plaintiff of an interest in the property, such 'gift' was never fully consummated by defendant and was never accepted by plaintiff, hence was revocable by defendant." Apparently, appellant bases this contention on the theory that the rights of the parties are to be determined by the date of the

deed. ''There is no merit in this contention. 'The delivery of this deed is not regarded in the law as alone constituting a sale of the land, but is the final step of the transaction, which consummated it pursuant to and in accordance with the precedent contract between the parties. Under such circumstances, the deed relates back to the contract, and, for the promotion of justice and for the protection of the purchaser, the title is considered, as between the parties, as having vested in the grantee from the time the contract was made.' [Karkow v. Wille, 125 Wis. 284, l. c. 288, 103 N. W. 1121, l. c. 1123, 4 Ann. Cas. 1016. See, also, Harlow v. Pulsifer, 122 Me. 472, l. c. 475, 120 Atl. 621; Missouri Lbr. & Mining Co. v. Zeitinger, 45 Mo. App. 114, 117, 118.]'' [Schmidt et al. v. City of Tipton et al., 89 S. W. (2d) 569, l. c. 572.]

In this case the appellant purposely put his wife's name in the contract of purchase, thereby creating an equitable estate by the entirety. If it were true that the appellant paid the entire purchase price under the contract, a resulting trust in his favor would not arise, because he does not claim that he did not purposely cause his wife's name to be put in the contract of purchase. This is true even though he did not understand the full legal effect of his act. [Fulbright v. Phoenix Ins. Co., 329 Mo. 207, 44 S. W. (2d) 115; Schwind v. O'Halloran, 142 S. W. (2d) 55.]

When the appellant and respondent were divorced in 1927, this equitable estate by the entirety was converted into a tenancy in common, and this is true even though the entire purchase price was paid by the husband. A right to partition thereupon arose. [State ex rel. Roll v. Ellison, 233 S. W. 1065; Schwind v. O'Halloran, supra.]

As previously stated, the parties lived together after the divorce from 1930 until 1938. The deed was dated December 5, 1931. The court found from 1930 to 1931, when parties lived together and both contributed to expenses and payments ''that respondent was entitled to one-half of the payments made on this property'' which amounted to $120.00. It is to be inferred from the evidence that the respondent kept house for appellant and took care of their three children. We see nothing inequitable in this allowance.

From what we have said, it follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.