**Charlie Joe QUINN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 35193.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 8, 1974.

Motion for Rehearing or Transfer to Court En Banc Denied Nov. 13, 1974.

Warren A. Grauel, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Robert Preston, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Chief Judge.

Movant (hereinafter referred to as defendant) appealed from the denial of a motion to vacate three life sentences. Defendant was charged with committing three felonies in the course of the robbery of a butcher shop.[1] Defendant pleaded guilty October 16, 1970, was sentenced and sought post-conviction relief under Rule 27.26, V.A.M.R. The Circuit Court found that defendant's guilty pleas were voluntarily and understandingly made, and denied relief. Defendant appealed. We affirm.

Because the allegations of error only concern the proceedings involving the acceptance of defendant's guilty pleas, a discussion of the substantive elements of each of the crimes would not be helpful. Suffice it to say that defendant is one of a group of men who participated in the robbery of a butcher shop, during the course of which one butcher was killed and another seriously wounded.

Defendant's motion to vacate his sentences reads as follows:

1. The felonies are: (1) Robbery in the first degree by means of a dangerous and deadly

"(a) Movant's pleas of guilty were induced by reason of false promises of counsel and was entered involuntarily, unknowingly, unwillingly and was a direct result of misapprehension;

"(b) Movant was accorded ineffective assistance of counsel during the course of his arraignments, pleas and sentencing [sic];

"(c) The Court failed to discharge its duties properly under Rule 25.04 of the Supreme Court of Missouri;

"(d) Movant was not mentally capable of entering pleas of guilty or of understanding the consequences thereof on the crimes with which he was charged; in the alternative, at the time of plea and sentencing was then under the influence and effect of drugs which prevented him from understanding the nature and consequences of the judicial proceedings."

Defendant contends on appeal that the trial court erred in finding defendant's guilty pleas to be voluntary for three reasons: (1) the conduct of defendant's attorney during the guilty plea proceedings rendered defendant's pleas involuntary; (2) the sentencing court erred in questioning defendant's counsel, and not defendant personally, about defendant's possible use of drugs on the day of the proceedings, and (3) the sentencing court erred in failing to fully advise defendant of the nature and consequences of a plea of guilty on each of the charges.

Our review of an appeal brought after the denial of a motion made under Rule 27.26 is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). Such findings and conclusions are only clearly erroneous if, after review of the entire record, the court is left with the definite and firm impression that a mistake has been made. Crosswhite v. State, 426 S.W.2d 67, 70

weapon; (2) Murder in the first degree; and, (3) Assault with intent to kill with malice.

(Mo.1968); McCarthy v. State, 502 S.W. 2d 397 (Mo.App.1973). The record does not convince us that such a mistake has been made.

■ Defendant's first point concerns the manner in which his appointed counsel handled his defense. Defendant contends that his counsel was actively engaged in persuading defendant to plead guilty and in persuading the court to accept the plea. Defendant's argument is that this conduct rendered his guilty pleas involuntary.

The facts leading up to the acceptance of the plea are as follows: The plea proceeding opened with the entry of a guilty plea for defendant by his counsel. Defendant stated that the plea was being entered with his consent. The court then explained the range of punishment for the murder charge, as well as the constitutional rights waived by a guilty plea. Defendant indicated his understanding, and further stated that he was not acting under any promises or threats. Defendant was asked if he was at that time under the influence of any drugs and defendant's attorney answered that the defendant was not, and further stated that defendant had been certified as competent after having had a psychiatric examination.

The prosecutor then outlined the state's evidence in the cases. He stated that the robbery was planned by defendant and others at the apartment of defendant's girlfriend. The men then drove to the butcher shop, where defendant and the others entered the store and a robbery took place in which over $900.00 and a pistol were taken. One of the butchers was shot and killed and another seriously wounded. Four and a half hours later the defendant was arrested and the owner's gun found on his person. He was identified by the owner as one of the robbers and defendant admitted his participation in the robbery.

On several occasions during the plea proceeding, the court indicated a reluctance to accept the guilty pleas, since certain of defendant's responses appeared to be equivocal. When asked what happened inside the store, defendant stated that he could remember nothing after entering it, except that he fired his gun once. When asked if he went to the store with the others to help them rob it, he answered that he did not help them rob the store, but went along only as a lookout. Defendant's attorney explained to the court that defendant's vagueness regarding what occurred inside the store was due to his narcotic intoxication on the day of the offense, and that defendant's denial that he helped rob the store was based on his belief that "helping" meant actually taking money from the cash register. Defendant had stated that he knew the purpose of the others was to rob the store.

Defendant's attorney called for a recess in order to explain to defendant the principles of guilt by participation, because it appeared that this was what was causing defendant some difficulty in answering questions. Following the recess, trial court continued the questioning. Defendant stated that he was voluntarily under the influence of drugs at the time of the offense; he knew the others would rob the store and was promised a portion of the money to be taken, in return for guarding the door of the store; he knew the others had a gun; he was given a gun before entering the store; inside the store, someone announced a hold up; he shot his gun once, but remembers nothing more; he knew at the plea proceeding that one man was shot and killed, and another was wounded. The trial court also had defendant twice paraphrase his understanding of the nature of the charges and the principles of law involved including guilt by participation.

Defendant was able to do this to the satisfaction of the trial court, the pleas were accepted, and sentences were imposed.

On appeal, defendant first challenges the court's finding that the pleas were voluntarily entered arguing that defendant's attorney "dominated the proceedings" and persuaded the defendant to plead guilty. The record does not bear out defendant's contention. The record shows that Judge McMullan was extremely conscientious in

complying with Rule 25.04 and conducted an exhaustive hearing and explained in detail the law to the defendant as well as his rights.[2] The judge directed numerous questions to the defendant regarding his rights and his participation in the crimes. From the defendant's answers to the judge's questions it is clear that he understood his rights, he acknowledged his participation in the three crimes and his pleas were voluntarily entered.

The record shows no domination of the pleas of guilty proceedings by defendant's trial attorney. The attorney merely explained the reason for the sometimes vague answers of defendant or repeated a few of defendant's admissions. The record then shows that Judge McMullan did not rely on the attorney's statements but continued to question defendant until he was satisfied that the defendant participated in the crimes. As said the record clearly shows that the defendant admitted participating in the crimes. Defendant's first contention is without merit.

■ Defendant's second point on appeal is that trial court did not question defendant directly about the possibility of drug influence on the day he pleaded guilty, and instead, relied on answers given by defendant's attorney. Judge McMullan specifically asked if the defendant was under the influence of drugs at the time the pleas were entered. His attorney stated that he was not. No authority has been cited showing that Rule 25.04 requires defendant to personally make all answers in response to questions of the court. The rule only requires the court to determine that the plea is made voluntarily and with an understanding of the nature of the charge. That requirement was met. We find that the trial court complied with Rule 25.04.

■ Also to withdraw his guilty plea after sentencing, a defendant must show that manifest injustice has resulted from its acceptance. Rule 27.25. Here it would be appropriate for defendant to prove his actual drug intoxication at the time of the plea. Although he testified to that assertion at the 27.26 hearing, corroborating his story with the testimony of one Williams, a thrice convicted City Jail inmate, the trial court chose not to attach credibility to defendant or Williams. Although no testimony directly contradicted their stories, the court as trier of fact had a right to reject them. Bradley v. State, 494 S.W.2d 45, 48 (Mo.1973); Crosswhite v. State, 426 S.W.2d 67, 71 (Mo.1968). This rejection is not clearly erroneous, in view of the following: defendant never mentioned his drug intoxication to his attorney, the prosecutor, or Judge McMullan; his attorney testified he saw nothing in defendant's conduct to indicate he was then on drugs; the record of the plea proceeding indicates the responsiveness of defendant's answers, to the point of being able to paraphrase some of the court's explanations, such behavior being contrary to movant's own description of the effects of drugs;[3] and his recollection, at the 27.26 hearing, of the judge's reluctance to accept the plea, and of the 17-minute recess. The transcript of the plea proceeding shows that the defendant was coherent and responsive throughout the hearing.

■ The court below chose not to believe the testimony of the defendant and the thrice convicted Williams. Credibility was for the trial court. Bradley v. State, supra; Crosswhite v. State, supra. The court's finding that the defendant was not under the influence of narcotics at the time of the pleas was not clearly erroneous.

■ Defendant's final point on appeal is that the court at the plea proceeding erred in failing to inform defendant of the range of punishment for two of the of-

2. Trial Judge David McMullan was disqualified and the 27.26 hearing was heard by Judge Ivan Lee Holt, Jr.

3. He testified that drugs gave him a drowsy, nodding feeling.

fenses charged against him. This issue is not specifically raised in the Rule 27.26 motion, nor does it appear in defendant's brief in support of the motion. Thus, nothing has been preserved for appeal. Maggard v. State, 471 S.W.2d 161, 162 (Mo.1971). We have, nevertheless, examined the record and found that defendant's counsel testified that he informed defendant of the possible sentences prior to the entry of the pleas. Failure to inform the defendant of the range of punishment he faces is not enough to support a motion to withdraw a guilty plea, if it appears that the defendant otherwise knew of the range of punishment. State v. Mountjoy, 420 S.W.2d 316, 323 (Mo.1967); State v. Conner, 500 S.W.2d 300, 303 (Mo.App.1973). The court's finding that defendant knew the maximum sentences is thus clearly not erroneous.

Finding no clear error or manifest injustice the judgment is affirmed.

WEIER and KELLY, JJ., concur.