**Anthony RANCHER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38299.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 1, 1977.

Motion for Rehearing or Transfer
Denied March 15, 1977.

Application to Transfer Denied
May 10, 1977.

James C. Jones, III, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, David L. Baylard, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., James A. Roche, Jr., Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

This appeal is taken from the denial, without evidentiary hearing, of movant's Rule 27.26 motion to vacate or set aside his convictions of second degree murder, assault with intent to kill with malice, and first degree robbery by means of a dangerous and deadly weapon. After entering his pleas of guilty to all three offenses, movant was sentenced to terms of thirteen years imprisonment for each offense, the sentences to run concurrently. Movant is currently serving these sentences at the Missouri State Penitentiary.

The point raised by movant on this appeal is that the court erred in denying his motion without an evidentiary hearing since the files and records of the case demonstrate that his pleas of guilt were involuntary due to his failure to receive adequate notice of the offenses to which he pleaded guilty. The point is not preserved for our review because it is not specifically

raised in the Rule 27.26 motion. *Quinn v. State*, 515 S.W.2d 603, 607[9] (Mo.App. 1974).[1]

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.

1. A review of the motion indicates that it was couched in conclusory allegations unsupported by facts. To be entitled to an evidentiary hearing, movant must plead facts which, if true, would entitle him to relief and which are not refuted by facts elicited at the guilty plea hearing. *Smith v. State*, 513 S.W.2d 407, 410[1] (Mo.banc 1974).