William MARTIN, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38726.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 2, 1977.

Motion for Rehearing and/or Transfer
Denied Sept. 12, 1977.

Application to Transfer Denied
Oct. 11, 1977.

John D. Ashcroft, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

This is an appeal from an order and judgment of the Circuit Court of the City of St. Louis, entered October 20, 1976, denying after an evidentiary hearing movant-appellant's motion to vacate sentences filed pursuant to Rule 27.26, V.A.M.R.

On December 5, 1974 movant-appellant, William Martin, Jr., was set for trial before a jury and a jury was selected when movant withdrew his plea of not guilty and entered a plea of guilty to three counts of robbery in the first degree by means of a dangerous and deadly weapon and to one count of carrying a concealed weapon. He was sentenced to 13 years imprisonment on each of the three counts of robbery and to 5 years imprisonment on the concealed weapon case with all sentences to run concurrently.

On July 8, 1976 movant filed his motion to vacate his sentences wherein he alleged that the sentences should be vacated because: (1) he was "suffering from narcotic withdrawal symptoms" at the time he pleaded guilty to the charges, and that the trial court should have sua sponte held a competency hearing; (2) ineffective assistance of counsel in failing "to investigate and make available documents for petitioner's defense."

On July 16, 1976, the trial judge appointed attorney James Booth to represent the movant and on July 21, 1976 set the motion for hearing on September 24, 1976.

The evidentiary hearing was held on October 1, and the trial court found that movant's guilty pleas were voluntarily made and denied relief. Movant appeals. We affirm.

At the hearing on October 1, 1976 there was extensive testimony heard with movant, two of his witnesses, and attorney

Springfield Baldwin, St. Louis, for movant-appellant.

Thomas Prebil testifying. Mr. Prebil represented movant prior to and at the time movant pleaded guilty. The hearing was continued to October 8, 1976.[1] On that date movant attorney, Mr. Booth, filed a motion for continuance alleging that "movant was unaware that medical records maintained by the Methadone Maintenance Treatment Program fail to show that he was given Methadone until one week before he entered his plea of guilty." He also alleged that two witnesses were confined in the Missouri State Penitentiary who were present in the city jail during movant's confinement who would be able to testify they had seen movant administered methadone by a jail guard within one week of movant's guilty pleas. The motion for continuance was denied by the court.

The court approved on that same day (October 8, 1976) movant's pro se amendment to his motion alleging that movant received methadone while he was confined in the city jail from a guard within one week of the day he pleaded guilty and that he received morphine from employees of City Hospital one week before he pleaded guilty and that as a result of receiving methadone and morphine he was suffering from withdrawal symptoms.

Appellant contends on this appeal that the trial court erred in finding movant's guilty pleas to be voluntary for four reasons: (1) The trial court erred in denying appellant's motion for a continuance to present additional evidence of appellant's drug usage and the trial court had a duty sua sponte to determine whether or not appellant was incompetent to enter guilty pleas as a result of his withdrawal symptoms. (2) The trial court erred in making the finding of fact at the 27.26 motion hearing that defendant received effective assistance of counsel at the guilty pleas hearing. The basis of this contention is that defendant's attorney knew of his prior drug use and had a duty to move for psychiatric or medical examination in order to

determine his competency. (3) The trial court erred in its findings of fact "That the testimony of the movant and his witnesses that he was suffering from withdrawal symptoms from methadone at the time he pled guilty is incredible and is not believed by this court." (4) The trial court erred in making his finding of fact "That the testimony of movant that he was suffering from withdrawal symptoms from morphine at the time he pled guilty is incredible and not believed by this court."

■ The review of an appeal raised after the denial of a motion made under Rule 27.26 is limited to a determination of whether the findings, conclusions and the judgment of the trial court are clearly erroneous. Rule 27.26(j). These findings and conclusions are only erroneous if, after review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Quinn v. State*, 515 S.W.2d 603, 605 (Mo.App.1974). The pleas of guilty can only be withdrawn to correct manifest injustice and the burden is upon the appellant to prove this by a preponderance of evidence. *State v. Jackson*, 514 S.W.2d 638, 641 (Mo.App.1974). The record here does not convince us that such a mistake has been made, such an injustice occurred, or that the burden of proof has been met.

Defendant's first point raises the question whether the trial court should have granted a continuance on October 8, 1976 of the 27.26 hearing in order for the defendant to obtain further evidence. Extensive testimony had been heard on the first date of the hearing on October 1, 1976. He contends that the evidence of the methadone center's record, the methadone case worker, and the testimony of his attorney, would clearly establish that defendant was participating in the methadone program up to the time of his incarceration. Defendant asserts that this evidence placed the judge under a duty, sua sponte, to determine

1. The only evidence offered by defendant on October 8, was the testimony of Dwight Preston, Martin's personal counselor from the St. Louis Comprehension Drug Abuse program. He brought records of the dates Martin received methadone. The records showed that June 18, 1974 was the last date that Martin received methadone.

whether appellant as a result of possible withdrawal symptoms was competent to stand trial.

We do not believe the trial court abused its discretion in refusing to grant movant's motion for a continuance made on October 8, 1976. The motion had already been extensively heard on October 1, 1976 and the hearing had been continued to October 8, 1976. Whether a continuance should be granted is largely within the discretion of the trial court and every intendment on appeal is in favor of the court's ruling. *State ex rel. State Highway Commission v. Herman,* 546 S.W.2d 488[8] (Mo. App.1976). We find no abuse of discretion in the court's denying the continuance in the middle of the hearing.

Given the evidence presented to the trial court at the hearing, it can be said that the weight of the evidence was so great against appellant that the testimony referred to in the motion for a continuance would not have altered the findings by the trial court. Even if this testimony had been permitted, it is unclear how appellant would have proven that his powers of understanding and judgment had been impaired by the use of drugs at the time he entered the guilty pleas. At the 27.26 hearing he stated that he was receiving methadone up to the day of the guilty pleas. He failed to explain how he could be suffering from withdrawal symptoms if he had received methadone the day of the guilty pleas hearing. In his motion for a continuance at the 27.26 hearing, appellant inconsistently alleged that he had been administered methadone by a guard sometime during the week prior to the hearing.

Additional evidence is found in the record that appellant actively aided his attorney in his defense. He gave attorney Prebil a list of names he desired to have testify in his behalf. There were also two witnesses of the guilty pleas hearing who testified for appellant at the 27.26 hearing. Both stated that they observed appellant perspiring and suffering withdrawal symptoms. However, neither witness brought this fact to the attention of the court at the guilty pleas hearing. It is also significant that neither appellant's attorney nor the judge, who conducted both the guilty pleas hearing and the 27.26 hearing, observed any sign of withdrawal symptoms.

The key element, however, is appellant's own response to the trial court's questions. The judge at the guilty pleas hearing questioned appellant extensively in order to determine and establish the voluntariness of the plea. He was asked by the judge whether he was under the influence of narcotics and appellant's response was "no". At the 27.26 hearing movant stated he could not recall this question and answer.

The test for determining whether an accused is competent to stand trial or to plead is set out in *Brown v. State,* 485 S.W.2d 424, 427 (Mo.1972) which quoted from *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) as follows: The test "must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him."

The question of accused's competence to know the nature of proceedings against him is one of fact for the trial court in a proceeding to vacate the sentence. *Pulliam v. State,* 480 S.W.2d 896, 904 (Mo. 1972). In this case the judge had an opportunity to observe and interrogate appellant at both the guilty pleas hearing and the 27.26 hearing. Under the circumstances of this case the trial court's action in denying the motion for a continuance and trial court's failure to investigate appellant's competency is not clearly erroneous. Appellant did not meet his burden of proving by a preponderance of the evidence that manifest injustice resulted from his guilty pleas.

Appellant's second point on appeal is that the trial court erred in making the findings of fact "that Thomas Prebil, attorney for movant, adequately, effectively and competently represented movant." Appellant contends that because of attorney's knowl-

edge of his participation in the methadone program, Mr. Prebil had a duty to move for a psychiatric or medical evaluation of movant in order to determine appellant's competency. Appellant also contends that Prebil's failure to make appellant's narcotic addiction known to the judge resulted in ineffective assistance of counsel.

According to the testimony given by attorney Prebil, he had no basis to believe that appellant was suffering from withdrawal symptoms at the time of the guilty pleas hearing. Before the hearing he had met with appellant six or eight times. He did not observe any change in his demeanor between the meetings and the hearing. The transcript also shows that appellant took an active part in the preparation of his defense.

■ "Once a guilty plea is entered, a determination of the adequacy of representation is immaterial except as it bears on the issues of voluntariness and understanding." *Baker v. State*, 524 S.W.2d 144, 148 (Mo.App.1975). The only evidence in support of appellant's contention that the plea was involuntary and made without understanding is his testimony and that of his two witnesses. The transcript of the guilty pleas hearing reveals that appellant was aware of both the charges and understood the range of punishment. Thus, there is adequate evidence that trial counsel did not have an honest basis for asserting appellant's unfitness to proceed. The trial court's finding of effective assistance of counsel in this regard was not erroneous.

Appellant's third and fourth points can be combined and answered together. Appellant asserts that the trial court erred in his finding of fact: "That the testimony of the movant and his witnesses that he was suffering from withdrawal symptoms from methadone at the time he pled guilty is incredible and is not believed by this court." Appellant also asserts that the trial court erred in his finding of fact that: "The court finds as a fact that the testimony of movant that he was suffering from withdrawal symptoms from morphine at the time he pled guilty is incredible and not believed by this court."

■ Here the issue is a matter of credibility and the credibility of appellant's testimony, and the other testimony at his 27.26 hearing, is a matter for the trial court. As previously stated to withdraw his guilty pleas after sentencing, a defendant must show that manifest injustice has resulted from its acceptance. "The court as the trier of the facts was the judge of the credibility of a witness and was not required to believe [defendant] even if his evidence is uncontradicted upon a given issue." *Bonner v. State*, 535 S.W.2d 289, 292 (Mo.App.1976). Thus as the hearing judge's determination of credibility of witnesses is entitled to deference, appellant's contentions are dismissed. *Hicks v. State*, 544 S.W.2d 79 (Mo.App.1976).

After a review of the pleas of guilty transcript and the 27.26 hearing transcript, we conclude that the findings, conclusions and judgment of the trial court are not clearly erroneous. Rule 27.26(j).

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.