Richard Glen HELMS, Jr.,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38735.

Missouri Court of Appeals,
Eastern District.

May 15, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 12, 1979.

John M. Williams, Flat River, for mov-
ant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., Union, for respondent.

WEIER, Chief Judge.

On May 11, 1973, Richard Glen Helms, hereinafter referred to as movant, pleaded guilty to first degree murder of one Glen Helms, Sr., and was sentenced to life imprisonment. Helms thereafter filed a motion to vacate his conviction and sentence under Rule 27.26, which after an evidentiary hearing was denied. We now affirm the ruling of the trial court.

On appeal movant contends that the trial court erred in finding that the plea of guilty was voluntarily entered and knowingly made when evidence supported the fact that movant was under the influence of drugs. In addition to this contention, he maintains that he was not competently represented by counsel at the time of entering his guilty plea and that the court should have so found from the evidence submitted in support of the motion.

Specifically the record of the guilty-plea hearing which was held on May 11 indicated that Helms had received a psychiatric examination at the State Hospital in accordance with a prior order of the court and that the complete report had been introduced at the time of the guilty-plea hearing and later on introduced as an exhibit at the time of the hearing on the motion to set aside conviction and sentence. This report indicated that on the basis of the examination the defendant had no mental disease or defect and was capable to proceed and understand what he was doing. Prior to the taking of the plea, the court inquired of Helms whether he was presently under the influence of alcohol or narcotics and to this question movant answered "No, sir." Sheriff Richards, who had had the movant in custody over nine months before the guilty-plea hearing, stated that he had seen Helms practically daily and had held conversations with him. He recalled his demeanor on the day the plea of guilty was taken by the court and contrary to Helms' contention that he was joking and laughing in the courtroom, said that Helms was solemn and had tears in his eyes. Although the sheriff had checked the premises of the jail while Helms was there, he had never found drugs of any kind during the time that he was there.

Helms testified that he had ingested the cotton contents of two benzedrine inhalers the night before but could not remember that he had any alcohol prior to the plea hearing. His testimony in this respect was confirmed by another inmate at the jail who was there at the time of the hearing. His jail companion testified that Helms looked happy to him as if he were "in another world." He also testified that during a prior jail break, Helms had taken some of the same drug and had spoken to him about seeing little green men while they were hiding in a barn following the break from jail.

Rule 27.26(j) provides that a review by this court on appeal from judgment in a motion 27.26 proceeding is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. "Clearly erroneous" means " . . . although there is evidence to support the trial court's finding, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Thurman v. State,* 523 S.W.2d 521, 528[3] (Mo. App.1975). In a Rule 27.26 hearing, the judge is the trier of fact and as such determines the credibility of the witnesses. He is not required to believe movant even if his testimony is not contradicted. *Martin v. State,* 558 S.W.2d 701, 705[9] (Mo.App.1977).

The court determined that at the time of entering his plea of guilty Helms did so voluntarily, understood the charge and the consequences of the plea and was not under the influence of narcotics, drugs or otherwise mentally incapacitated. We have examined the record of the guilty-plea hearing and find that it was far-ranging and complete with respect to interrogation

of the accused; that his answers were positive and left no doubt that he clearly understood what was transpiring. In fact in one instance where the defendant was asked whether he had been charged with two escapes from jail since he had been there, he answered that only one charge had been filed against him although there had been two escapes. This in itself indicated a clear state of mind with a full consciousness of the import of the proceeding. At that time he further denied he was under the influence of alcohol or narcotics. His demeanor according to the testimony of the sheriff has already been commented on in this opinion. The entire record supported the determination made by the court at the motion hearing that Helms was not under the influence of narcotics, drugs or otherwise mentally incapacitated.

 We turn now to the second issue presented in this appeal. The contention as framed by movant charges that the trial court in determining that he was represented competently by counsel at the time he entered his guilty plea was without support in the evidence. Movant is charged with the burden of proof in establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). "Preponderance of the evidence" has been defined to mean "evidence which is more convincing . . . as worthy of belief than that which is offered in opposition thereto." *Seago v. New York Cent. R. Co.,* 349 Mo. 1249, 164 S.W.2d 336, 341[7] (1942). When a guilty plea is entered the burden of proving inadequacy of counsel is particularly heavy. Adequacy of representation in such cases is immaterial except as it bears on the issues of voluntariness and understanding. *Martin v. State, supra* at 705[8]; *Baker v. State,* 524 S.W.2d 144, 148[4] (Mo.App.1975).

 In this instance, the court in its findings determined that the movant entered into his plea voluntarily and that he understood the charge and the consequences of the plea. The court further found that he understood his rights in attending a jury trial and the effect of a plea on those rights. To sustain this, the transcript of the guilty-plea hearing indicated that there were numerous questions by the court and answers by the movant. The murder charge was read to him and he was asked if he understood the charge to which he replied in the affirmative. The fact that the charge was first degree murder and that it carried at that time only one punishment of life imprisonment was explained to him in detail. The court asked Helms if he intentionally did the things that were charged in the indictment. To this he replied "Yes, sir." He admitted that he had talked to his lawyer with regard to whether he should enter a plea of guilty and that his attorney had explained to him that he had a right to a trial by jury where he could call his witnesses if he so desired and could confront the state witnesses on cross-examination. He understood that by pleading guilty he was waiving the right of self-incrimination and was admitting that he had committed the crime charged. He stated that no one had threatened or coerced him or compelled him to make the plea and that he was doing it of his own free will. His attorney stated that he had discussed the possibility of filing a motion to suppress a statement made by Helms to the sheriff's office. When asked as to what his decision was, the movant replied, "Not to do anything." "Let it go." He stated that he understood that he was waiving his right to have this statement suppressed. He also admitted that he had been charged with one escape and had actually participated in another one since he had been in jail and at his motion hearing admitted that he had talked to his attorney several times before the plea was taken. He understood that if he entered his plea to murder, the other charge of escape would not be pressed against him. There was abundant evidence to show that his plea of guilty was voluntary and that he made it with a full understanding of the charge and the consequences of such a plea. As such it meets the test of adequacy of counsel as set forth in *Martin* and *Baker, supra.*

 Although movant complained that he had only seen his lawyer about ten min-

utes some two weeks prior to the hearing on the plea of guilty, he did admit that he had discussed a number of matters with his attorney on the day he entered the plea. Adequacy of counsel cannot be measured by the number of visits with the movant. *Baker v. State, supra* at 148[6].

This record does not clearly indicate that the trial judge was erroneous in denying the Rule 27.26 motion. The judgment is affirmed.

SMITH, CLEMENS, KELLY, STEWART, GUNN and STEPHAN, JJ., concur.