**Chester Lee BREWER and Christine Brewer, Plaintiffs–Respondents,**

v.

**Patricia A. DEVORE, Defendant–Appellant.**

**No. 21548.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 9, 1998.

---

Robert Z. Oberzalek, Eminence, for Respondent–Appellant.

John Alpers, Jr., Cabool, for Plaintiffs–Respondents.

PREWITT, Judge.

Plaintiffs sought money damages due to timber being removed from land they agreed to purchase from Defendant. The jury returned a verdict in favor of Plaintiffs and against Defendant, awarding Plaintiffs $11,-

000 in damages. Judgment was entered accordingly. Defendant appeals.

 Defendant contends that the trial court erred in not sustaining her Motion for Judgment Notwithstanding the Verdict, following her Motion for Directed Verdict at the close of all of the evidence. In reviewing the denial of a motion for judgment notwithstanding the verdict, this Court views the evidence in the light most favorable to plaintiffs and disregards all contrary evidence. *Pace v. Pacific Fire Protection District,* 945 S.W.2d 7, 8–9 (Mo.App.1997). The jury judges the weight of the evidence and credibility of the witnesses, and where reasonable minds can differ on factual questions before the jury, this court does not disturb the jury's verdict. *Id.* at 9.

Here, Defendant claims, as a matter of law, that the parties entered into a contract which precludes any recovery by Plaintiffs. Briefly stated, the facts leading to this dispute are hereafter set forth. Defendant listed with Judy Parcel, a real estate agent, 160 acres of farmland which she owned in Oregon County. Plaintiffs, with Parcel, inspected the property on November 6, 1989. The following day, Plaintiffs signed an offer to purchase and tendered a check for $1,000 as earnest money. On November 13, 1989, Defendant signed and agreed to the offer to purchase. Pursuant to the offer to purchase, the parties closed the transaction on December 2, 1989, and executed a "Contract for Sale of Property," which was essentially a contract for a deed. Under that agreement, Plaintiffs were not to have possession of the property until April 1, 1990, following certain improvements to the residence which Defendant agreed to make.

On October 19, 1992, Plaintiffs filed their petition seeking damage from Defendant for "cutting and removal of lumber and forest products." Attached to Plaintiffs' Petition was the "Contract for Sale of Property," mentioned above. We construe the Petition as seeking damages for breach of contract and in their brief, Plaintiffs assert that De-

fendant violated their initial agreement, stating:

> [T]he testimony of the parties and other witnesses conclusively prove the existence of the written agreement as of November 13, 1989, and the jury found that Appellant [Defendant] violated that agreement by thereafter cutting and selling all of the marketable timber before Respondents [Plaintiffs] took possession.

Plaintiffs contend that the timber was removed following November 13, 1989, and before December 2, 1989. Defendant contends that the contract for a deed became the entire agreement of the parties, that by it Plaintiffs accepted the property as it was on December 2, 1989, and have no cause of action for events occurring previous to that date. Defendant relies upon the provision in the contract stating:

> It is hereby expressly understood and agreed by the parties hereto that the Buyers [Plaintiffs] accept the property in its present condition and that there are no representations, covenants or agreements between the parties hereto with reference to said property, except as herein specifically set forth.

Defendant asserts that the parties agreed that the December 2 contract was their entire agreement and under it, as above set forth, Plaintiffs accepted the property in the condition it was on December 2, 1989. Plaintiffs counter that the parties' rights were fixed on November 13, 1989, and that Defendant thereafter had an obligation to transfer the property to Plaintiffs as it existed on that date.[1]

 The relation of vendor and purchaser exists as soon as the contract for the sale and purchase of land is entered into. Thereafter, equity regards the purchaser as the owner and the vendor as holding the legal title in trust for him. *Hernandez v. Prieto,* 349 Mo. 658, 162 S.W.2d 829, 831 (1942); *State ex rel. State Highway Comm'n v. Herman,* 546 S.W.2d 488, 491 (Mo.App.1976).

---

1. Plaintiffs also say in their brief that there was no consideration for the provisions of the contract of December 2, 1989, above quoted. There was no such contention at trial. Plaintiffs plead that contract and attached it to their petition. They offered it in evidence. We do not consider arguments not made before the trial court. *Cline v. Graves,* 641 S.W.2d 151, 155 (Mo.App.1982).

Delivery of a deed does not alone constitute the sale thereof but the deed relates back and title to the real estate as between the parties to a contract is considered as having vested in grantee from the time the contract was made. *Hernandez,* 162 S.W.2d at 831.

An agreement in general terms to convey real estate calls for conveyance of the entire estate in the land sold and necessarily includes timber growing upon the land. 77 Am.Jur.2d, *Vendor and Purchaser,* § 95 (1997). Not transferring the timber with the land is a breach of the contract for sale. *Id. See also State ex rel. Cooper v. Goodrich,* 238 Mo. 720, 142 S.W. 300, 301 (1911); *Gibson v. St. Joseph Lead Co.,* 232 Mo.App. 234, 102 S.W.2d 152, 156 (1937).

Having stated what we perceive to be the general rule regarding the obligation to transfer the property in the condition that it was at the time of the initial agreement between the parties, it is nevertheless obvious that the parties are free to contract otherwise, and they did so here. Any attempt by the parties to vary the agreement, violates the parol evidence rule. That rule has been "more authentically called the rule against contradiction of integrated writings." *Wulfing v. Kansas City Southern Indus., Inc.,* 842 S.W.2d 133, 146 (Mo.App.1992). It only applies if the agreement is completely integrated. *Id.* When the agreement is integrated, this rule excludes parol and other extrinsic evidence of the agreement if it is not otherwise tainted by fraud, mistake, accident, or erroneous omission. *Id.*

"Under the parol evidence rule, evidence of prior contemporaneous agreements which varies or contradicts the terms of an unambiguous and complete written instrument are not admissible absent fraud, accident or mistake." *W.E. Koehler Construction Co., Inc. v. Medical Center of Blue Springs,* 670 S.W.2d 558, 561–62 (Mo.App. 1984).

The parol evidence rule is a rule of law, and not evidence, and evidence in violation of it, even if received without objection, must be ignored and a decision made on the writing alone. *State Bank of Fisk v. Omega Electronics, Inc.,* 634 S.W.2d 234, 237 (Mo. App.1982). "The law presumes that a written contract embodies the entire agreement of the parties." *Id.*

Although we are sympathetic to the Plaintiffs, we cannot rewrite the agreements for them. "Where the terms of the contract are clear, this Court does not supply additional terms, but applies the agreement as written." *Wintermute v. Delgado,* 919 S.W.2d 248, 250 (Mo.App.1996). "This court cannot make a contract for the parties they did not make or impose upon them obligations not assumed in the contract." *Dalton v. Rainwater,* 901 S.W.2d 316, 318 (Mo. App.1995).

The final contract between the parties recites that it is the entire agreement between them and that Plaintiffs have accepted the property in its condition on December 2, 1989. Plaintiffs, having done so, are foreclosed from making any claim for damage to the realty previous to that date. We conclude that Plaintiffs failed to make a submissible case and that the Defendant's motion for a directed verdict at the close of the evidence and for judgment notwithstanding the verdict were well taken.

The judgment is reversed and the cause remanded for the trial court to enter a judgment in favor of Defendant.

GARRISON, P.J., and CROW, J., concur.